```
 1  Nancy Curry, Chapter 13 Trustee
    Erika Green (SBN 285370)
 2  700 South Flower Street, Suite 1215
    Los Angeles, CA 90017
 3  TEL: (213) 689-3014
    FAX: (213) 689-3055
 4
```

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| IN RE:<br><br>SUZANNE ARCARIA,<br><br><br><br><br><br><br><br><br><br>    Debtor. | Case No.: 2:14-bk-22805-VZ<br><br>Chapter 13<br><br>**NOTICE OF OBJECTION AND OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF**<br><br>Date: December 8, 2014<br>Time: 11:00 a.m.<br>Ctrm: 1368<br>    255 E. Temple Street,<br>    Los Angeles, CA 90012 |

**TO THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; DEBTOR; DEBTOR'S ATTORNEY; AND ALL OTHER INTERESTED PARTIES**:

PLEASE TAKE NOTICE that the Chapter 13 Trustee will move this Court for an order disallowing Debtor's amended claim of exemption for proceeds from a sale of real property because the claimed exemption is inapplicable under Nevada Homestead Law.

1

This objection will be based upon this notice, the appended Memorandum of Points and Authorities, the supporting declaration, files and pleadings in this case, and upon such other testimonial and documentary evidence as may be presented before or at the time of the hearing on this objection.

**Pursuant to Local Bankruptcy Rule 9013-1(f), notice is further given that any person opposing this objection shall, not later than fourteen (14) days prior to the above-mentioned hearing date, file with the Court and serve upon the Chapter 13 Trustee, a written statement explaining all reasons in an opposition thereto.**

**Failure to timely file and serve such an opposition may be deemed a waiver of any such opposition.**

**Wherefore**, the Trustee requests that the Court issue an order disallowing the Debtor's claim of exemption and for such other and further relief as the Court may deem just and proper.

Dated: October 30, 2014                    Respectfully submitted,

                                           /s/ Erika Green
                                           Erika Green
                                           Attorney for Nancy Curry
                                           Chapter 13 Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     STATEMENT OF FACTS

Suzanne Arcaria ("Debtor") filed this case on July 2, 2014.

On July 3, 2014, Debtor filed her Schedule A disclosing her interest in real property located in Los Angeles, CA. No other property was disclosed on Schedule A. A true and correct copy of Schedule A is attached as Exhibit A and is incorporated herein by this reference.

On September 17, 2014, Debtor filed an amended Schedule C claiming an exemption of $55,000 for proceeds from the sale of a primary residence located in Nevada. The Nevada Law cited is Nev. Rev. Stat. §§ 21.090(1)(l) and 115.050.   True and correct copies of the amended Schedule C is attached as Exhibit B and are incorporated herein by this reference.

On October 28, 2014, the Chapter 13 Trustee conducted a continued Meeting of Creditors.

### II. ARGUMENT

**A.     This Objection is Timely Filed Under Fed. R. Bankr. P. 4003(b).**

Fed. R. Bankr. P. 4003(b) provides in part:

> "A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension."

Here, the Meeting of Creditors was held on October 28, 2014.. This objection is filed 2 after the Meeting. Therefore, this objection is timely filed under Fed. R. Bankr. P. 4003(b).

**B.     The Debtor Cannot use Nev. Rev. Stat §§ 21.090 and 115.050 to Claim a Homestead Exemption for Proceeds from the Sale of the Nevada Real Property.**

Debtor cites to the Nevada Homestead Exemption (Nev. Rev. Stat §§ 21.090 and 115.050 ) to exempt proceeds received from the sale of real property.

Nev. Rev. Stat § 21.090(1)(l) states in relevant part:

> 1. The following property is exempt from execution, except as otherwise specifically provided in this section or required by federal law:
>
> (l) The homestead as provided for by law, including a homestead for which allodial title has been established and not relinquished and for which a waiver executed pursuant to NRS 115.010 is not applicable.

Homestead is defined in Nev. Rev. Stat § 115.005:

> "Homestead" means the property consisting of:
> (a) A quantity of land, together with the dwelling house thereon and its appurtenances;
> (b) A mobile home whether or not the underlying land is owned by the claimant; or
> (c) A unit, whether real or personal property, existing pursuant to chapter 116 or 117 of NRS, with any appurtenant limited common elements and its interest in the common elements of the common-interest community, to be selected by the husband and wife, or either of them, or a single person claiming the homestead.

Courts in several states have refused to exempt proceeds from the sale of a homestead when there is no specific statutory exemption. See In re Schalehaum, 273 B.R. 1 (Bankr. D.N.H. 2001); Drennan v. Wheatley, 195 S.W.2d 43 (Ark. 1946). "The general rule is that, in the absence of specific constitutional or statutory authority therefor, there is no right on the part of a debtor to claim exempt funds arising from the voluntary sale of his homestead." Drennan v. Wheatley, 195 S.W.2d 43,44 (Ark. 1946).

Here, Debtor uses the homestead exemption to exempt proceeds or money received from the sale of real property. The definition of homestead does not encompass money or proceeds and Nevada does not offer a separate statutory exemption for the proceeds from the sale of a homestead. See Nev. Rev. Stat § 21.090(1). Therefore, the plain language of Nevada's statute indicates proceeds cannot be exempted because there is no specific exemption indicating so.

### III. CONCLUSION

Chapter 13 Trustee prays that after a hearing on the objection, an order be made and entered herein disallowing the claim of exemption in the amount of $55,000.

Dated: October 30, 2014        Respectfully submitted,

/s/ Erika Green
Erika Green
Attorney for Nancy Curry,
Chapter 13 Trustee

# DECLARATION OF ERIKA GREEN

I, Erika Green, declare.

1. Nancy Curry is the Chapter 13 Trustee (the "Trustee" with respect to Chapter 13 Case No. 22:14-bk-22805-VZ of Suzanne Arcaria ("Debtor").

2. I am employed by the Trustee as a staff attorney and am duly qualified to make this declaration. I have personal knowledge of the facts stated herein and could and would competently testify thereto if called upon to do so.

3. Debtor filed this case on July 2, 2014.

4. On July 3, 2014, Debtor filed her Schedule A disclosing her interest in real property located in Los Angeles, CA. No other property was disclosed on Schedule A. A true and correct copy of Schedule A is attached as <u>Exhibit A</u> and is incorporated herein by this reference.

5. On September 17, 2014, Debtor filed an amended Schedule C claiming an exemption of $55,000 for proceeds from the sale of a primary residence located in Nevada. The Nevada Law cited is Nev. Rev. Stat. §§ 21.090(1)(l) and 115.050.   True and correct copies of the amended Schedule C is attached as <u>Exhibit B</u> and are incorporated herein by this reference.

6. On October 28, 2014, the Chapter 13 Trustee conducted a continued Meeting of Creditors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Los Angeles, California on October 30, 2014.

/s/ Erika Green
Erika Green,
Staff Attorney for Nancy Curry,
Chapter 13 Trustee

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Nancy Curry Chapter13 Trustee, 700 S. Flower Street, Suite 1215, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF OBJECTION AND OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 30, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   Michael Poole    Tonyqlaw@gmail.com
   United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **October 30, 2014**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:
Suzanne Arcaria
78557 Goldenreed Dr
Palm Desert, CA 92211

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 30, 2014**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 30, 2014 | Carlos Robles | /s/ Carlos Robles |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# EXHIBIT "A"

B6A (Official Form 6A) (12/07)

In re **Suzanne Arcaria**, Debtor

Case No. **2:14-bk-22805-VZ**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Location: 11969 Victoria Avenue, Los Angeles CA 90066** | **Fee simple** | - | **1,323,177.00** | **1,140,669.00** |

| | Sub-Total > | **1,323,177.00** | (Total of this page) |
|---|---|---|---|
| | Total > | **1,323,177.00** | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

# EXHIBIT "B"

B6C (Official Form 6C) (4/13)

.

In re  **Suzanne Arcaria**                                      ,    Case No.  **2:14-bk-22805-VZ**
                              Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:  ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                     $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                         *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Household Goods and Furnishings** <br> **All household goods** | **Nev. Rev. Stat. § 21.090(1)(b)** | **1,500.00** | **1,500.00** |
| **Wearing Apparel** <br> **All clothing** | **Nev. Rev. Stat. § 21.090(1)(b)** | **700.00** | **700.00** |
| **Other Personal Property of Any Kind Not Already Listed** <br> **Proceeds from the sale of a primary residence located at:5852 Sunlight Garden Way. Las Vegas, NV. 89118.  Not a forced sale, close of escrow 6/11/2014.** | **Nev. Rev. Stat. §§ 21.090(1)(l) and 115.050** | **55,000.00** | **55,000.00** |

|  |  |  |
|---|---|---|
| Total: | **57,200.00** | **57,200.00** |

__0__  continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy