LAW OFFICES OF MICHAEL L. POOLE
Michael L. Poole, Esq. SBN: 124090       :30
15303 Ventura Blvd Ste 900
Sherman Oaks, CA 91403
Phone: (818) 892-5000
Fax: (818) 812-7826

ATTORNEY FOR
Suzanne Arcaria

# U.S. BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>**SUZANNE ARCARIA**<br><br><br>**Debtor** | Case No.: 2:14-bk-22805-VZ<br><br>Chapter 13<br><br>DEBTOR SUZANNE ARCARIA'S RESPONSE TO CHAPTER 13 TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION; MEMORANDUM OF POINTS AND AUTHORITIES.<br><br>Date: December 8, 2014<br>Time: 11:00 a.m.<br>Ctrm: 1368<br>      225 E. Temple Street,<br>      Los Angeles, CA 90012 |

Debtor Suzanne Arcaria ("Debtor") hereby submits her Response to Chapter 13 Trustee's objection to Debtor's Claim of Exemption.

///

///

///

///

///

1

DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Debtor Suzanne Arcaria ("Debtor") filed bankruptcy under Chapter 13, Title 11 of the United States Code on July 2, 2014. Prior to filing the bankruptcy petition, she sold her primary residence in the State of Nevada and moved to live in California with her family. As result of the sale of the property in Nevada, Debtor received $55,000.00 equity proceeds which are exempt by NEV.REV.STAT. §§ NRS 21.090 and 115.010(2).

The Chapter 13 Trustee filed an objection on the grounds that prepetition homestead sale proceeds lose their exempt protections once the homestead sale is complete and the funds are transferred to a bank account. However, the Chapter 13 trustee's objection as to Debtor's exemption claim is misplaced because under Nevada law, Debtor is entitled to claim the homestead exemption proceeds.

### II. LEGAL ARGUMENT

#### A. DEBTOR IS ENTITLED TO CLAIM EXEMPTION UNDER NEVADA LAW

Section 522(b)(3) states that the state in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition provides the applicable slate of exemptions. In this case, Debtor's domicile was the state of Nevada 730 days immediately preceding the date of the filing of the petition.

Under the United States Bankruptcy Code (Code), a debtor who files for bankruptcy may exempt certain assets from his or her estate, thus preventing creditors from reaching the exempted assets to satisfy outstanding debts. 11 U.S.C. § 522(b)(1) (2006). The Code provides that states may opt out of the federal exemption scheme and instead provide for state law exemptions. In re Virissimo, 332 B.R. 201, 203 (Bankr.D.Nev. 2005); 11 U.S.C. § 522(b)(2) (2006). Nevada is an opt-out state and lists its property exemptions in NRS 21.090. NRS 21.090(1); In re Christensen, 122 Nev. 1309, 1314, 149 P.3d 40, 43 (2006). Under Nevada law, the "homestead as provided for by law, including a homestead for which allodial title has been established and not relinquished and for which a waiver executed pursuant to NRS 115.010 is not

applicable" may be exempted from the bankruptcy estate.[1] See NRS 21.090(1)(l); see also Nev. Const. art. 4, § 30 (stating that "[a] homestead as provided by law, shall be exempt from forced sale under any process of law").

The Nevada Constitution provides that "[t]he privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for payment of any debts or liabilities . . . ." Nev. Const. art. 1, § 14; see Bero-Wachs v. Law Office of Logar & Pulver, 123 Nev. 71, 75-76, 157 P.3d 704, 707 (2007). Nevada's "Legislature enacted what is now NRS 21.090 to fulfill the mandate set forth in Nevada's Constitution." Savage v. Pierson, 123 Nev. 86, 90, 157 P.3d 697, 700 (2007). "The legislative purpose of NRS 21.090 is 'to secure to the debtor the necessary means of gaining a livelihood, while doing as little injury as possible to the creditor.'" In re Galvez, 115 Nev. 417, 419, 990 P.2d 187, 188 (1999) (quoting Krieg v. Fellows, 21 Nev. 307, 310, 30 P. 994, 995 (1892)), superseded by statute on other grounds as stated in In re Christensen, 122 Nev. 1309, 1320, 149 P.3d 40, 47 (2006); see Savage, 123 Nev. at 90, 157 P.3d at 700 ("the exemptions set forth in NRS 21.090 are 'absolute and unqualified,' with few exceptions, 'and [their] effect is to remove the property beyond the reach of legal process'" (alteration in original) (quoting Elder v. Williams, 16 Nev. 416, 423 (1882))); Sportsco Enters. v. Morris, 112 Nev. 625, 630, 917 P.2d 934, 936 (1996) ("In NRS 21.090, the Legislature provided express exemptions from execution for some property interests.").

In Nevada, exemptions are to be liberally construed in favor of the debtor, the Court must not depart from the statutory language nor extend the legislative grant." In re Lenox, 58 B.R. 104, 106 (Bankr. D. Nev. 1986); see In re Christensen, 122 Nev. 1309, 1314, 149 P.3d 40, 43 (2006) (this court "liberally and beneficially construe[s] . . . state exemption statutes in favor of the debtor").

. As stated by the Nevada Supreme Court:

> Nevada has a constitutional imperative that homestead property be exempt from legal process and placed outside the reach of creditors. Nevada Constitution Article 4, Section 30 provides, in relevant part and with emphasis added, that "[a] homestead as provided

3

DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

Case 2:14-bk-22805-VZ    Doc 47    Filed 11/23/14    Entered 11/23/14 09:03:59    Desc
Main Document    Page 4 of 7

by law, shall be exempt from forced sale under *any* process of law." To comply with this constitutional mandate, the Nevada Legislature enacted what is now NRS 21.090, which specifically exempts a homestead from execution.

Contrevo v. Mercury Fin. Co. (In re Contrevo), 123 Nev.20, 153 P.3d 652, 654 (2007) (emphasis in original). The Nevada legislature has implemented the constitutional imperative by defining a homestead as "[a] quantity of land, together with the dwelling house thereon and its appurtenances." NEV.REV.STAT. § 115.005(2)(a). ***This homestead extends to the claimant's equity in the homesteaded property up to a maximum of $550,000***. Id. § 115.010(2).

In this case, the Chapter 13 trustee claims that Debtor may not claims a Nevada homestead on her homestead sale proceeds because Nevada does not provide such exemption. The Chapter 13 trustee's argument is that disposition of the property that results in the homestead sale loses its exemption status. It defies logic that a debtor, should lose the exemption simply by depositing the funds in her account. The law in Nevada is contrary to Trustee's Argument.

Under Nevada law, a debtor is entitled to up to a $550,000.00 exemption in her home. See Nev. Rev.Stat. § 21.090. "The fact that a home is subsequently sold does not alter the debtor's entitlement to such an amount." Graziadeai Graziadei v. Graziadei (In re Graziadei), 32 F.3d 1408, 1410 (9th Cir. 1994). A similar question was addressed by Nevada Supreme Court in In re Christensen, 122 Nev. 1309, 1314, 149 P.3d 40 (2006). The court In re Christensen addressed the issue of how long the exemption continues and whether it extended to subsequent forms of proceeds; whether the commingling of proceeds in an account with nonexempt funds destroyed the exemption; and how Nevada law identified which portion of the account should be exempt.

The debtors in In re Christensen filed bankruptcy under Chapter 7, Title 11 of the United States Code. The trustee of the bankruptcy estate, requested that the Debtors turn over $889.72 in funds they held in four separate bank accounts. Subsequently, the Debtors amended their Schedule C, asserting that 75 percent of these funds were exempt pursuant to Nevada's earning exemption statute, NRS 21.090(1)(g). Further, Debtors submitted an affidavit declaring that the

DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

sole source of the bank account funds was employment earnings. However, Trustee filed an objection asserting that the Debtors lost their exemption when the earnings were paid and the funds were deposited.

The Nevada Supreme Courts indicated that "our state's exemption provisions do not directly speak to any temporal limitations on how long an asset may remain exempt, as do other states' codes." Thus, the court took this silence to indicate a legislative intent not to impose temporal limitations on exemptions. Furthermore, the court looked at the Supreme Court case of Porter v. Aetna Casualty Co 370 U.S. 159 (1962). which posed a similar issue. There, the Supreme Court concluded that veteran's benefits deposited into a bank account retained their exempt status provided that they "remained subject to demand and use as the needs of the veteran support and maintenance required." Id. at 161. The benefits lost their exemption once they were transformed into permanent investments and no longer retained the quality of money. Id, Based on this analysis, the court determined that the NRS 21.090(1)(g) exemptions extend indefinitely as long as they can be traced by a recognized accounting method. The Nevada Supreme court in In re Christensen concluded that "[t]he Legislature's failure to provide a temporal limitation suggests that the Legislature intended the exemption to extend indefinitely as long as, in line with our discussions concerning questions four and five, below, the exempt funds are reasonably susceptible to being traced by a recognized accounting method. This result is consistent with a construction that favors the benefit of the debtor." Accordingly, homestead sale proceeds can be exempted as long as they are susceptible to being traced. In this case there is no dispute that the $55,000.00 came from the sale of a homestead proceeds.

Dated: November 21, 2014            LAW OFFICES OF MICHAEL POOLE

_/s/ Michel Poole_
Michel Poole, Esq.

5
DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

| In re: | | CHAPTER: 13 |
|---|---|---|
| Suzanne Arcaria | | |
| | Debtor(s). | CASE NUMBER: 2:14-bk-22805-VZ |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
15303 Ventura Blvd
Suite 900
Sherman Oaks, CA 91403

A true and correct copy of the foregoing document entitled (*specify*):DEBTOR SUZANNE ARCARIA'S RESPONSE TO CHAPTER 13 TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION; MEMORANDUM OF POINT S AND AUTHORITIES will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 11/1214, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Nancy K Curry (TR) ecfnc@trustee13.com

Michael Poole Tonyqlaw@gmail.com, mpoole25@gmail.com;mpoole@socal.rr.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On 11/23/14, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/12/14 | **MICHAEL POOLE. 124090** | /s/ MICHAEL POOLE. |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                9013-3.1.PROOF.SERVICE

| In re: | | CHAPTER 13 |
|---|---|---|
| **Suzanne Arcaria** | Debtor(s). | CASE NUMBER 2:14-bk-22805-VZ |

Suzanne Arcaria
78557 Goldenreed Drive
Palm Desert, CA 92211

Sequoia Financial Services
500 N. Brand Blvd
Suite 1200
Glendale, CA 91203

Altair Oh Xiii, LLC
C / O Weinstein, Pinson & Riley PS
2001 Western Ave., Ste 400
Seattle, WA 98121

American Express Centurion Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355

CAPITAL ONE
PO BOX 60599
City Of Industry, CA 91716

Chapter 13 Trustee
Nancy K. Curry
700 S. Flower Street. Suite 1215
Los Angeles, CA 90017

CSC - Lawyers Incorporating Service
Agent for Nationstar Mortgage LLC
2710 Gateway Oaks Drive
Suite 150 N
CA 95883

Honorable Judge Vincent P. Zurzolo
255 E. Temple St., Suite 1360
Los Angeles, CA 90012

NATIONSTAR MORTGAGE
350 Highland Drive
Lewisville, TX 75067

Real Time Resolutions, Inc
1349 Empire Central Drive
Suite # 150
Dallas, TX 75247

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

F 9013-3.1